**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alfred T. Walker, Appellant.

Appellate Case No. 2019-001842

———————————

Appeal From Barnwell County
Perry M. Buckner, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-142
Submitted February 1, 2022 – Filed March 23, 2022

———————————

**AFFIRMED**

———————————

Alfred T. Walker, pro se.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, all of Columbia; and Solicitor John William Weeks, of Aiken, all for Respondent.

———————————

**PER CURIAM:** Alfred T. Walker appeals the circuit court's order denying his motion for a new trial due based on after-discovered evidence. He argues the

circuit court abused its discretion in finding the following evidence was not after-discovered evidence warranting a new trial: (1) the discrepancies between the trial testimony and transportation sheets, (2) law enforcement's continued questioning of him after he informed them he did not want to talk, (3) his intoxication at the time of his statements to law enforcement, and (4) the State's failure to produce his juvenile mental health records and the *Miranda*[1] waiver form from the October 20, 2000 interview. He argues in the alternative that the circuit court abused its discretion in failing to amend his sentence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not abuse its discretion in denying Walker's motion for a new trial because the evidence Walker submitted was or could have been discovered with the exercise of reasonable diligence prior to trial, would not have changed the result if a new trial were given, and was impeaching. *See State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the [circuit] court, and [an appellate court] will not disturb the [circuit] court's decision absent an abuse of discretion."); *id.* at 167, 672 S.E.2d at 565 ("The deferential standard of review constrains [an appellate court] to affirm the [circuit] court if reasonably supported by the evidence."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("The credibility of newly-discovered evidence is for the [circuit] court to determine."); *Mercer*, 381 S.C. at 166, 672 S.E.2d at 565 (stating that in order to prevail on a motion for a new trial on the ground of after-discovered evidence, the movant must show the evidence "(1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching").

2. We hold the circuit court did not err in declining to amend Walker's sentence because Walker was eighteen at the time of the crimes. *See Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding a mandatory life imprisonment sentencing scheme for juvenile offenders "poses too great a risk of disproportionate punishment" and thus violates the Eighth Amendment); *Aiken v. Byars*, 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014) ("[T]he principles enunciated in *Miller v. Alabama* apply . . . to all juvenile offenders who may be subject to a sentence of life imprisonment without the possibility of parole."); *id.* at 537 n.1, 765 S.E.2d at 573 n.1 (noting for the purposes of the opinion, a juvenile was an individual under eighteen years of age).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.